IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Sammie Dewitt, #286209, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No.: 9:06-1221-PMD-GCK |
| | ) | |
| Warden, Lieber Correctional Institution, | ) | |
| State of South Carolina; and Attorney | ) | ORDER |
| General of the State of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner Sammie Dewitt ("Petitioner" or "Dewitt"), a state prisoner proceeding without the assistance of counsel, seeks *habeas corpus* relief under Title 28, United States Code Section 2254. This matter has been reviewed by United States Magistrate Judge George C. Kosko and is currently before the court upon the Magistrate Judge's recommendation that summary judgment be entered in favor of Respondents. The record includes the Report and Recommendation of the Magistrate Judge ("R&R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B). A petitioner may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636 (b)(1). Petitioner Dewitt timely filed objections to the R&R.

## **HISTORY OF THE CASE**

### **I.     Background**

On August 6, 2002, Petitioner pleaded guilty in Florence County, South Carolina, to four counts of armed robbery - two from Florence County and two from Darlington County. The Honorable James E. Brogdon, South Carolina Circuit Court Judge, heard and accepted the plea. Judge Brogdon sentences Petitioner to fifteen (15) years imprisonment on each count, with all

1

sentences concurrent. Petitioner did not file a direct appeal. Petitioner is currently incarcerated in the Lieber Correctional Institution of the South Carolina Department of Corrections ("SCDC").

## II.     Petitioner's Application for Post-Conviction Relief

Approximately two and one-half years after his sentencing, on March 8, 2005, Petititioner filed a *pro se* application for post-conviction relief ("PCR"). In this request for PCR, Petitioner challenged the jurisdiction of the sentencing court, claimed he had been denied his right to due process, and claimed that he received ineffective assistance of counsel. The State moved to dismiss the application for PCR for failing to file within the one-year state statute of limitations, and failing to present a cognizable subject matter jurisdiction claim sufficient to overcome the statute of limitations bar. On May 24, 2005, the Honorable J. Michael Baxley, Chief Administrative Judge of the Twelfth Judicial Circuit (the "PCR Judge"), issued a Conditional Order of Dismissal expressing his intent to dismiss the action for failure to file within the statute of limitations period, and allowing Petititioner twenty (20) days after service to show cause why the order should not become final. On June 14, 2005, Petitioner filed a document titled "Motion to Be Heard Article 1 Sec 18," which alleged another ground for PCR, but did not address why Petitioner failed to file within the statute of limitations period. On September 2, 2005, the PCR Judge issued a final order dismissing the action for failure to timely file.

On September 28, 2005, Petitioner filed a notice of intent to appeal the PCR Judge's final order in the Supreme Court of South Carolina. On September 29, 2005, the Court issued a letter advising Petitioner that he must provide a written explanation, pursuant to Rule 227(c) of the South Carolina Appellate Court Rules, to support his claim that the dismissal of his request for PCR was improper. On October 13, 2005, Petitioner filed a document titled "Motion to Motion" in response.

2

On October 18, 2005, the Supreme Court of South Carolina dismissed the appeal, finding that the "Motion to Motion" failed to show that there is an arguable basis for asserting that the determination by the lower court was improper. Subsequently, the Supreme Court issued the remittitur on November 10, 2005.

### III.    Federal Court History

On April 26, 2006, Petitioner filed this petition for a writ of *habeas corpus* (the "Petition") against the State of South Carolina, the Warden of Lieber Correctional Institution, and Henry McMaster, the Attorney General of the State of South Carolina (collectively, "Respondents"). On July 21, 2006, in response to Petitioner's Petition for *habeas corpus* relief, Respondents filed a Return and a Motion for Summary Judgment and Memorandum of Law in support of the Motion. Petitioner filed a timely Response to Respondents' Motion for Summary Judgment.[1]

After considering the record, the relevant law, Respondents' Motion, and Petitioner's Response, the Magistrate Judge concluded that the Petition was filed beyond the limitations period and should be dismissed on that basis. The Magistrate Judge reasoned that, because Petitioner did not file a direct appeal, the state court's sentences of August 6, 2002, were finalized ten days later, on August 16, 2002. (R&R at 11, citing S.C. App. Ct. R. 203(b)(2) ("After a plea or trial resulting in conviction . . ., a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed").) Under the Antiterrorism and Effective Death Penalty Act's (AEDPA) statute of limitations, an application for a writ of *habeas corpus* must be filed by a person in custody

---

[1] Petitioner's sixty-six (66) page Response far exceeded this court's thirty-five (35) page limit, and Petitioner failed to comply with the Magistrate Judge's Order to re-file a shorter Response. [17-1] Nonetheless, the Magistrate Judge considered the entire Response of Petitioner in making his R&R. [24-1]

pursuant to the judgment of a state court within *one year* from the date on which the judgment became final. AEDPA, 28 U.S.C. § 2244(d)(1). However, the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under the AEDPA." 28 U.S.C. § 2244(d)(2). Petitioner therefore had until August 16, 2003 to file this *habeas corpus* action, unless the period was at any time tolled by a properly filed application for PCR. (R&R at 11, citing *Hernandez v. Caldwell,* 2255 F.3d 435 (4th Cir. 2000); *Brown v. Angelone,* 150 F.3d 370 (4th Cir. 1998).)

In this case, because Petitioner did not file an application for PCR until March 8, 2005, the Magistrate Judge found that there was no tolling prior to the running of the limitations period. (R&R at 11, citing *Pace v. DiGuglielmo,* 544 U.S. 408, 417 (2005) (holding that if a state court rejects a petitioner's PCR application as "untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)"); *Wade v. State,* 559 S.E.2d 843, 847 (S.C. 2002) ("An individual under PCR effectively is granted one chance to argue for relief and must do so within a year of his final appeal").) It is uncontested that Petitioner filed the instant action on April 26, 2006, well over two years after the running of the AEDPA's limitations period. For this reason, the Magistrate Judge recommended that the Petition was untimely and should be dismissed.

## **STANDARD OF REVIEW**

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendation contained in the R&R. 28 U.S.C. § 636 (b)(1). After a review of the entire record, the R&R, and Petitioner's objections, the court finds that the Magistrate Judge

fairly and accurately summarized the facts at issue. Accordingly, the court adopts the R&R in full and specifically incorporates it into this Order.

## **DISCUSSION**

As the Magistrate Judge correctly noted, 28 U.S.C. § 2244(d)(1), as amended in 1996 by AEDPA, provides that a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." "Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* 538 U.S. 202 (2003) (internal citations and quotation marks omitted). Nevertheless, the Fourth Circuit has held that the AEDPA statute of limitations is subject to equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir. 2001) (quoting *Harris,* 209 F.3d at 330).

In his Objections, Petitioner re-asserts the due process challenges to his conviction that were denied as untimely by the state courts. Petitioner does not deny that he failed to file his Petition within the one-year limitations period provided in 28 U.S.C. § 2244(d), nor does Petitioner allege that extraordinary circumstances beyond his control or external to his own conduct prevented him from filing on time. In addition to the Objections, Petitioner also filed a document titled "Motion to Supplement Issues on Review," which asserts additional grounds for relief, but also fails to allege any extraordinary circumstances that prevented him from filing the Petition on time. Despite having been give many opportunities to do so, Petitioner has never submitted to this court or to any court,

any cognizable reason for his failure to file his *habeas* petition in a timely manner. Accordingly, the court finds that Petitioner is not entitled to equitable tolling.

In his Objections, Petitioner sets forth only one objection that is responsive to the R&R's conclusion that the Petition must be dismissed as untimely - In his ninth objection, Petitioner objects to "the judge's assertion of limitations pursuant to 28 U.S.C. § 2244(d)(1)(A)." (Objections at 13.) Petitioner argues that the Petition is not subject to the limitations imposed by AEDPA because "the issue[s] involved deal with subject matter jurisdiction" which "can be raised at any time, cannot be forfeited by the defendant, and the court shall not fail to take notice." (Objections at 13.) As such, Petitioner objects that his subject matter jurisdiction claim can be raised at any time notwithstanding the AEDPA.

The court finds this objection to be without merit. While a federal court is obligated to raise questions concerning its own subject matter jurisdiction *sua sponte* in all cases, *Boone v. Sec'y, Dep't of Corr.*, 377 F.3d 1315, 1316 (11th Cir. 2004), this principle does not extend to *sua sponte* examination of a state court's subject matter jurisdiction by a federal court. Whether a state court has subject matter jurisdiction over an offense is a question of state law. *United States ex. rel. Flowers v. Rundle*, 314 F.Supp. 793, 794 (E.D.Pa. 1970). This court does not review determinations of state law made by South Carolina courts. *See Pulley v. Harris,* 465 U.S. 37 (1984) ("[A] federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law."). Petitioner frames his argument in terms of subject matter jurisdiction in an attempt to avoid the time limitations of the AEDPA. The court notes, however, that there is no exception under the AEDPA for subject matter jurisdiction claims, and petitioner does not assert any facts that would allow his claim to go forward under the limited exceptions to the AEDPA. *Moore v. Ozmint*, 2006 WL

2873620, *1 (D.S.C. October 4, 2006). Accordingly, notwithstanding that Petitioner has raised a subject matter jurisdiction issue, the court finds that Petitioner's untimely *habeas* petition must be dismissed.

## CONCLUSION

For the foregoing reasons, the court **ADOPTS** the Magistrate Judge's recommendation in full and **GRANTS** Respondents' Motion for Summary Judgement. The court further finds that Petitioner Sammie Dewitt's Motion to Supplement Issue on Review is **MOOT**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**November 21, 2006.**

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within (30) days from the date hereof, pursuant to Fed. R. App. P. 3-4.

7